## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| UIRC-GSA HOLDINGS, LLC, a Delaware limited liability company, | |
| Plaintiff, | Civil Action No.: |
| vs. | JURY DEMAND |
| RAINIER GSA PORTFOLIO I, LLC, a Texas limited liability company, | |
| Defendant. | |

## COMPLAINT

Plaintiff, UIRC-GSA HOLDINGS, LLC, by its undersigned attorneys, for its Complaint against defendant, RAINIER GSA PORTFOLIO I, LLC, alleges as follows:

### STATUTORY BASIS AND NATURE OF ACTION

1. This is an action for copyright infringement under the Copyright Laws of the United States, 17 U.S.C. § 101 *et seq.*

### THE PARTIES

2. Plaintiff UIRC-GSA Holdings, LLC is a Delaware limited liability company located in Chicago, Illinois. Plaintiff is engaged in the business of acquiring and operating properties leased to the U.S. General Services Administration ("GSA") to be financed by the sale of bonds through its subsidiaries.

3. Defendant Rainier GSA Portfolio I, LLC is a Texas limited liability company with, on information and belief, its principal place of business in Dallas, Texas. Defendant is engaged in the business of acquiring and operating properties leased to the GSA to be financed by the sale of bonds in direct competition with the plaintiff.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

5. Personal jurisdiction over defendant is vested in this Court because defendant has transacted business in this district with respect to the events giving rise to the claims asserted herein, including the following:

    (a) Defendant purchased and operates properties which are leased to the GSA, including in this district.

    (b) Defendant engaged a financial firm located in this district to be defendant's placement agent for the sale of bonds issued by defendant.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims asserted herein occurred in this district.

**COUNT I**

**(Infringement of U.S. Copyright Reg. No. TX 8-069-779)**

7. This count arises under the Copyright Laws of the United States, 17 U.S.C. § 101 *et seq.* Plaintiff adopts and realleges the allegations of the preceding paragraphs as if fully set forth herein.

8. In order to successfully market a bond portfolio to provide the funds to acquire properties leased to the GSA, plaintiff's subsidiary UIRC-GSA IV, LLC created and developed a series of documents. These documents included a Preliminary Private Placement Memorandum ("PPPM IV") used by plaintiff's subsidiary, UIRC-GSA IV, LLC. A copy of plaintiff's PPPM IV is attached as Exhibit 1. Plaintiff's PPPM IV contains additional and revised text original with plaintiff.

9. Although denoted "Preliminary", PPPM IV was distributed to the placement agent and potential investors to market the proposed bond offering. Plaintiff's subsidiary UIRC-

2

GSA IV, LLC has complied in all respects with Title 17 § 101 *et seq.* and secured the exclusive rights and privileges in and to the copyright for the additional and revised text in PPPM IV.

10. On July 21, 2015, the U.S. Copyright Office issued to plaintiff's subsidiary UIRC-GSA IV, LLC U.S. Copyright Reg. No. TX 8-069-779 entitled Preliminary Private Placement Memorandum. The claim included additional and revised text, which is highlighted on Exhibit 1. A copy of Certificate of Reg. No. TX 8-069-779 is attached as Exhibit 2 (hereinafter the '779 Reg).

11. Plaintiff is the owner of all rights, title, and interest in and to the copyright for PPPM IV and the '779 Reg therefor by assignment from UIRC-GSA IV, LLC.

12. With access to plaintiff's copyrighted work and full knowledge of plaintiff's rights, defendant willfully infringed plaintiff's copyright by copying original portions of plaintiff's copyrighted work for use in defendant's Confidential Placement Memorandum issued by defendant on July 1, 2015 ("CPM"). A copy of defendant's CPM is attached as Exhibit 3, and the portions copied from plaintiff's PPPM IV are highlighted. Without plaintiff's permission and in violation of plaintiff's copyright, defendant distributed and used defendant's infringing CPM to market bonds to raise funds to acquire properties leased to the GSA.

13. Plaintiff has been, and continues to be, damaged by defendant's infringing acts, which have caused and will continue to cause irreparable damage to plaintiff in such a manner that plaintiff has no adequate remedy at law.

## COUNT II

**(Infringement of U.S. Copyright Reg. No. TX 7-778-684)**

14. This count arises under the Copyright Laws of the United States, 17 U.S.C. § 101 *et seq.* Plaintiff adopts and realleges the allegations of the preceding paragraphs as if fully set forth herein.

15. In order to successfully market a bond portfolio to provide the funds to acquire properties leased to the GSA, plaintiff's subsidiary UIRC-GSA, LLC, created, developed, and used a Private Placement Memorandum ("PPM I"). A copy of plaintiff's PPM I is attached as Exhibit 4. Plaintiff's PPM I contains additional and revised text original with plaintiff.

16. PPM I was distributed to the placement agent and potential investors to market the proposed bond offering. Plaintiff's subsidiary UIRC-GSA, LLC complied in all respects with Title 17 § 101 *et seq.* and secured the exclusive rights and privileges in and to the copyright for the additional and revised text in PPM I.

17. On April 12, 2013, the U.S. Copyright Office issued to UIRC-GSA, LLC U.S. Copyright Reg. No. TX 7-778-684 entitled Private Placement Memorandum. The claim included additional and revised text which is highlighted on Exhibit 4. A copy of Certificate of Reg. No. TX 7-778-684 is attached as Exhibit 5 (hereinafter the '684 Reg).

18. Plaintiff is the owner of all rights, title, and interest in and to the copyright for PPM I and the '684 Reg therefor by assignment from UIRC-GSA, LLC.

19. With access to plaintiff's copyrighted work and full knowledge of plaintiff's rights, defendant willfully infringed plaintiff's copyright by copying original portions of plaintiff's copyrighted work for use in defendant's CPM (Exhibit 3), and the portions copied from plaintiff's PPM I are highlighted. Without plaintiff's permission and in violation of plaintiff's copyright, defendant distributed and used defendant's infringing CPM to market bonds to finance the purchase of properties leased to the GSA.

20. Plaintiff has been, and continues to be, damaged by defendant's infringing acts, which have caused and will continue to cause irreparable damage to plaintiff in such a manner that plaintiff has no adequate remedy at law.

## COUNT III

### (Infringement of U.S. Copyright Reg. No. TX _____; Application Case No. 1-2817985791)

21.　This count arises under the Copyright Laws of the United States, 17 U.S.C. § 101 *et seq*. Plaintiff adopts and realleges the allegations of the preceding paragraphs as if fully set forth herein.

22.　In order to successfully market a bond portfolio to provide the funds to acquire properties leased to the GSA, plaintiff's subsidiary UIRC-GSA IV, LLC created and developed a series of documents. These documents included a Final Private Placement Memorandum ("FPPM IV") used by plaintiff's subsidiary, UIRC-GSA IV, LLC. A copy of plaintiff's FPPM IV is attached as Exhibit 6. Plaintiff's FPPM IV contains additional and revised text original with plaintiff.

23.　FPPM IV was distributed to the placement agent and potential investors to market the bond offering.

24.　On October 23, 2015, the plaintiff's subsidiary UIRC-GSA IV, LLC, filed in the U.S. Copyright Office Copyright application no. 1-281798571 for the work entitled Final Private Placement Memorandum. The claim included additional and revised text, which is highlighted on Exhibit 6. A request for special handling was filed to expedite the registration.

25.　Plaintiff is the owner of all rights, title, and interest in and to the copyright for FPPM IV, the copyright application therefor and the registration which issues therefrom by assignment from UIRC-GSA IV, LLC.

26.　With access to plaintiff's copyrighted work and full knowledge of plaintiff's rights, defendant willfully infringed plaintiff's copyright by copying original portions of plaintiff's copyrighted work for use in defendant's CPM (Exhibit 3), and the portions copies are

highlighted. Without plaintiff's permission and in violation of plaintiff's copyright, defendant distributed and used defendant's infringing CPM to market bonds to raise funds to acquire properties leased to the GSA.

27. Plaintiff has been, and continues to be, damaged by defendant's infringing acts, which have caused and will continue to cause irreparable damage to plaintiff in such a manner that plaintiff has no adequate remedy at law.

## COUNT IV

### (Infringement of U.S. Copyright Reg. No. TX _____; Application Case No. 1-2817986023)

28. This count arises under the Copyright Laws of the United States, 17 U.S.C. § 101 *et seq.* Plaintiff adopts and realleges the allegations of the preceding paragraphs as if fully set forth herein.

29. In order to successfully market a bond portfolio to provide the funds to acquire properties leased to the GSA, plaintiff's subsidiary UIRC-GSA IV, LLC created and developed a series of documents. These documents included an Indenture of Trust ("Indenture IV") used by plaintiff's subsidiary, UIRC-GSA IV, LLC. A copy of plaintiff's Indenture IV is attached as Exhibit 7. Plaintiff's Indenture IV contains additional and revised text original with plaintiff.

30. Indenture IV was distributed to the placement agent and potential investors to market the bond offering.

31. On October 23, 2015, the plaintiff's subsidiary UIRC-GSA IV, LLC, filed in the U.S. Copyright Office copyright application no. 1-2817986023 for the work entitled Indenture of Trust. The claim included additional and revised text, which is highlighted on Exhibit 7. A request for special handling was filed to expedite the registration.

32. Plaintiff is the owner of all rights, title, and interest in and to the copyright for Indenture IV, the copyright application therefor and the registration which issues therefrom by assignment from UIRC-GSA IV, LLC.

33. With access to plaintiff's copyrighted work and full knowledge of plaintiff's rights, defendant willfully infringed plaintiff's copyright by copying original portions of plaintiff's copyrighted work for use in defendant's CPM (Exhibit 3), and the portions copied are highlighted. A copy of defendant's CPM is attached as Exhibit 3, and the portions copied from plaintiff's Indenture IV are highlighted. Without plaintiff's permission and in violation of plaintiff's copyright, defendant distributed and used defendant's infringing CPM to market bonds to raise funds to acquire properties leased to the GSA.

34. Plaintiff has been, and continues to be, damaged by defendant's infringing acts, which have caused and will continue to cause irreparable damage to plaintiff in such a manner that plaintiff has no adequate remedy at law.

## **Prayer for Relief**

Wherefore, Plaintiff prays that this court grant the following relief:

1. That defendant and its officers, shareholders, managers, employees, agents and all persons acting for them, or on behalf of defendant, be preliminarily and permanently enjoined from infringing plaintiff's copyrights as provided by 17 U.S.C. § 502.

2. That plaintiff be awarded actual damages and defendant's profits in amounts to be determined at trial, including all gains and advantages derived by defendant from its infringement of plaintiff's copyrights as provided by 17 U.S.C. § 504.

3. That in the alternative, plaintiff be awarded statutory damages of $30,000 for each copyrighted work infringed as provided by 17 U.S.C. § 504.

  4. That in the alternative, plaintiff be awarded statutory damages of $150,000 for each copyrighted work infringed for defendant's willful infringement as provided by 17 U.S.C. § 504.

  5. That plaintiff be awarded its attorneys' fees and costs as provided by 17 U.S.C. § 505.

  6. That the Court require defendant to destroy all infringing copies.

  7. That plaintiff be awarded such other and further relief as the Court may deem proper and just.

## JURY DEMAND

  The Plaintiff, UIRC, hereby requests a trial by jury.

Dated: October 26, 2015        /s/ Cary E. Donham

              John F. Kennedy
              Cary E. Donham
              Joseph F. Schmidt
              Michael D. Froelich
              TAFT STETTINIUS & HOLLISTER LLP
              111 East Wacker Drive, Suite 2800
              Chicago, Illinois 60601
              Telephone: (312) 527-4000

13747987_5            Attorneys for Plaintiff,
              UIRC-GSA HOLDINGS, LLC