**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UIRC-GSA HOLDINGS, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>RAINIER GSA PORTFOLIO I, LLC, RAINIER GSA PORTFOLIO INVESTORS, LLC AND RAINIER GSAP I MANAGER, LLC, Texas limited liability companies, TIMOTHY STRANGE, an Oklahoma citizen, MARK V. PHILLIPS, an Arizona citizen, and NEWMARK GRUBB LEVY STRANGE BEFFORT, an Oklahoma limited liability company,<br><br>Defendants. | Civil Action No.: 1:15-cv-09518<br><br>JURY DEMAND<br><br>Judge: Honorable Amy J. St. Eve<br>Magistrate: Honorable Michael Mason |

## SECOND AMENDED COMPLAINT

Plaintiff, UIRC-GSA HOLDINGS, LLC, by its undersigned attorneys, for its Amended Complaint against defendants, RAINIER GSA PORTFOLIO I, LLC, RAINIER GSA PORTFOLIO INVESTORS, LLC AND RAINIER GSAP I MANAGER, LLC, TIMOTHY STRANGE, an Oklahoma citizen, MARK V. PHILLIPS, an Arizona citizen, and NEWMARK GRUBB LEVY STRANGE BEFFORT, an Oklahoma limited liability company, alleges as follows:

## STATUTORY BASIS AND NATURE OF ACTION

1. This is an action for copyright infringement under the Copyright Laws of the United States, 17 U.S.C. § 101 *et seq.*, against the Rainier entities and for breach of fiduciary duty against Timothy Strange (“Strange”), Mark v. Phillips (“Phillips”) and Newmark GRUBB LEVY Strange Beffort, LLC (“Newmark”)

## THE PARTIES

2. Plaintiff UIRC-GSA Holdings, LLC is a Delaware limited liability company located in Chicago, Illinois. Plaintiff is engaged in the business of acquiring and operating properties leased to the U.S. General Services Administration ("GSA") to be financed by the sale of bonds through its subsidiaries.

3. Defendant Rainier GSA Portfolio I, LLC ("Rainier") is a Texas limited liability company with, on information and belief, its principal place of business in Dallas, Texas. Rainier is engaged in the business of acquiring and operating properties leased to the GSA to be financed by the sale of bonds in direct competition with the plaintiff.

4. Defendant GSA Portfolio Investors, LLC ("Rainier Investors") is a Texas limited liability company with, on information and belief, its principal place of business in Dallas, Texas. Rainier Investors holds a 100% membership interest in Rainier, and is the sole manager of Rainier.

5. Defendant Rainier GSAP I Manager, LLC ("Rainier GSAP") is a Texas limited liability company with, on information and belief, its principal place of business in Dallas, Texas. Rainier GSAP is the sole manager of Rainier Investors.

6. Defendant Timothy Strange is a citizen of Oklahoma, is a real estate broker licensed, on information and belief, in Oklahoma, is the President of defendant Newmark and holds an equity interest in certain Rainier affiliated entities.

7. Defendant Mark V. Phillips is a citizen of the state of Arizona, is a real estate broker licensed, on information and belief, in Arizona, is the Vice President of defendant Newmark and holds an equity interest in certain Rainier affiliated entities.

8. Defendant Newmark is, on information and belief, an Oklahoma limited liability company engaged in the real estate brokerage business with its principal place of business in Oklahoma City, Oklahoma. Newmark is the Oklahoma City office of national real estate srvices firm Newmark Grubb Knight Frank.

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction over Counts I-VI under 28 U.S.C. §§ 1331 and 1338.

10. This Court has subject matter jurisdiction over Counts VII and VIII pursuant to 28 U.S.C. §1332, as the parties, including the members of the respective party limited liability companies, are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

11. This Court also has subject matter jurisdiction over Counts VII and VIII pursuant to under 28 U.S.C. § 1367(a), as those counts arise from and are so related to the events alleged in Counts I-VI that they form part of the same case or controversy.

12. Personal jurisdiction over defendants is vested in this Court because defendants have transacted business in this district with respect to the events giving rise to the claims asserted herein, including the following:

a. Rainier, through its manager Rainier Investors, purchased and operates properties which are leased to the GSA, including in this district, and Rainier Investors acted exclusively through the conduct of its manager, Rainier GSAP.

b. Defendants engaged a financial firm located in this district to be Rainier's placement agent for the sale of bonds issued by Rainier.

c. Defendants Strange, Phillips and Newmark transacted business in this State in relation to this lawsuit as they entered into multiple brokerage contracts with UIRC or its affiliates in Illinois and were paid brokerage commissions by escrow agent Chicago Title Insurance Company in connection with work for UIRC spsonsored GSA bond offerings; and were exclusive real estate brokers for Rainier in connection with a property in Illinois that Rainier acquired in connection with its infringing activities.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims asserted herein occurred in this district.

## COUNT I

**(Infringement of U.S. Copyright Reg. No. TX 8-069-779)**

14. This count arises under the Copyright Laws of the United States, 17 U.S.C. § 101 et seq. Plaintiff adopts and realleges the allegations of the preceding paragraphs as if fully set forth herein.

15. In order to successfully market a bond portfolio to provide the funds to acquire properties leased to the GSA, plaintiff's subsidiary UIRC-GSA IV, LLC created and developed a series of documents. These documents included a Preliminary Private Placement Memorandum ("PPPM IV") used by plaintiff's subsidiary, UIRC-GSA IV, LLC. A copy of plaintiff's PPPM IV is attached as Exhibit 1. Plaintiff's PPPM IV contains additional and revised text original with plaintiff.

16. Although denoted "Preliminary", PPPM IV was distributed to the placement agent and potential investors to market the proposed bond offering. Plaintiff's subsidiary UIRC-

GSA IV, LLC has complied in all respects with Title 17 § 101 et seq. and secured the exclusive rights and privileges in and to the copyright for the additional and revised text in PPPM IV.

17. On July 21, 2015, the U.S. Copyright Office issued to plaintiff's subsidiary UIRC-GSA IV, LLC U.S. Copyright Reg. No. TX 8-069-779 entitled Preliminary Private Placement Memorandum. The claim included additional and revised text, which is highlighted on Exhibit 1. A copy of Certificate of Reg. No. TX 8-069-779 is attached as Exhibit 2 (hereinafter the '779 Reg).

18. Plaintiff is the owner of all rights, title, and interest in and to the copyright for PPPM IV and the '779 Reg therefor by assignment from UIRC-GSA IV, LLC.

19. With access to plaintiff's copyrighted work and full knowledge of plaintiff's rights, Rainier willfully infringed plaintiff's copyright by copying original portions of plaintiff's copyrighted work for use in Rainier's Confidential Placement Memorandum issued by Rainier on July 1, 2015 ("CPM"). A copy of Rainier's CPM is attached as Exhibit 3, and the portions copied from plaintiff's PPPM IV are highlighted. Without plaintiff's permission and in violation of plaintiff's copyright, Rainier distributed and used Rainier's infringing CPM to market bonds to raise funds to acquire properties leased to the GSA.

20. Plaintiff has been, and continues to be, damaged by Rainier's infringing acts, which have caused and will continue to cause irreparable damage to plaintiff in such a manner that plaintiff has no adequate remedy at law.

## COUNT II

**(Infringement of U.S. Copyright Reg. No. TX 7-778-684)**

21. This count arises under the Copyright Laws of the United States, 17 U.S.C. § 101 et seq. Plaintiff adopts and realleges the allegations of the preceding paragraphs as if fully set forth herein.

22. In order to successfully market a bond portfolio to provide the funds to acquire properties leased to the GSA, plaintiff's subsidiary UIRC-GSA, LLC, created, developed, and used a Private Placement Memorandum ("PPM I"). A copy of plaintiff's PPM I is attached as Exhibit 4. Plaintiff's PPM I contains additional and revised text original with plaintiff.

23. PPM I was distributed to the placement agent and potential investors to market the proposed bond offering. Plaintiff's subsidiary UIRC-GSA, LLC complied in all respects with Title 17 § 101 et seq. and secured the exclusive rights and privileges in and to the copyright for the additional and revised text in PPM I.

24. On April 12, 2013, the U.S. Copyright Office issued to UIRC-GSA, LLC U.S. Copyright Reg. No. TX 7-778-684 entitled Private Placement Memorandum. The claim included additional and revised text which is highlighted on Exhibit 4. A copy of Certificate of Reg. No. TX 7-778-684 is attached as Exhibit 5 (hereinafter the '684 Reg).

25. Plaintiff is the owner of all rights, title, and interest in and to the copyright for PPM I and the '684 Reg therefor by assignment from UIRC-GSA, LLC.

26. With access to plaintiff's copyrighted work and full knowledge of plaintiff's rights, Rainier willfully infringed plaintiff's copyright by copying original portions of plaintiff's

copyrighted work for use in Rainier's CPM (Exhibit 3), and the portions copied from plaintiff's PPM I are highlighted. Without plaintiff's permission and in violation of plaintiff's copyright, Rainier distributed and used Rainier's infringing CPM to market bonds to finance the purchase of properties leased to the GSA.

27. Plaintiff has been, and continues to be, damaged by Rainier's infringing acts, which have caused and will continue to cause irreparable damage to plaintiff in such a manner that plaintiff has no adequate remedy at law.

**COUNT III**

**(Infringement of U.S. Copyright Reg. No. TX 8-107-571)**

28. This count arises under the Copyright Laws of the United States, 17 U.S.C. § 101 et seq. Plaintiff adopts and realleges the allegations of the preceding paragraphs as if fully set forth herein.

29. In order to successfully market a bond portfolio to provide the funds to acquire properties leased to the GSA, plaintiff's subsidiary UIRC-GSA IV, LLC created and developed a series of documents. These documents included a Final Private Placement Memorandum ("FPPM IV") used by plaintiff's subsidiary, UIRC-GSA IV, LLC. A copy of plaintiff's FPPM IV is attached as Exhibit 6. Plaintiff's FPPM IV contains additional and revised text original with plaintiff.

30. FPPM IV was distributed to the placement agent and potential investors to market the bond offering.

31. On October 23, 2015, the U.S. Copyright Office issued to plaintiff's subsidiary UIRC-GSA IV, LLC U.S. Copyright Reg. No. TX 8-107-571 entitled Final Private Placement Memorandum. The claim included additional and revised text, which is highlighted on Exhibit 6. A copy of Certificate of Reg. No. TX 8-107-571 is attached as Exhibit 7 (hereinafter the '571 Reg).

32. Plaintiff is the owner of all rights, title, and interest in and to the copyright for FPPM IV and the '571 registration therefor by assignment from UIRC-GSA IV, LLC.

33. With access to plaintiff's copyrighted work and full knowledge of plaintiff's rights, Rainier willfully infringed plaintiff's copyright by copying original portions of plaintiff's copyrighted work for use in Rainier's CPM (Exhibit 3), and the portions copied are highlighted. Without plaintiff's permission and in violation of plaintiff's copyright, Rainier distributed and used Rainier's infringing CPM to market bonds to raise funds to acquire properties leased to the GSA.

34. Plaintiff has been, and continues to be, damaged by Rainier's infringing acts, which have caused and will continue to cause irreparable damage to plaintiff in such a manner that plaintiff has no adequate remedy at law.

## COUNT IV

### (Infringement of U.S. Copyright Reg. No. TX 8-107-552)

35. This count arises under the Copyright Laws of the United States, 17 U.S.C. § 101 et seq. Plaintiff adopts and realleges the allegations of the preceding paragraphs as if fully set forth herein.

36. In order to successfully market a bond portfolio to provide the funds to acquire properties leased to the GSA, plaintiff's subsidiary UIRC-GSA IV, LLC created and developed a series of documents. These documents included an Indenture of Trust ("Indenture IV") used by plaintiff's subsidiary, UIRC-GSA IV, LLC. A copy of plaintiff's Indenture IV is attached as Exhibit 8. Plaintiff's Indenture IV contains additional and revised text original with plaintiff, which are highlighted in Exhibit 8.

37. Indenture IV was distributed to the placement agent and potential investors to market the bond offering.

38. On October 23, 2015, the U.S. Copyright Office issued to plaintiff's subsidiary UIRC-GSA IV, LLC U.S. Copyright Reg. No. TX 8-107-552 entitled Indenture of Trust. The claim included additional and revised text, which is highlighted on Exhibit 8. A copy of Certificate of Reg. No. TX 8-107-5552 is attached as Exhibit 9 (hereinafter the '552 Reg).

39. Plaintiff is the owner of all rights, title, and interest in and to the copyright for Indenture IV and the '552 registration therefor by assignment from UIRC-GSA IV, LLC.

40. With access to plaintiff's copyrighted work and full knowledge of plaintiff's rights, Rainier willfully infringed plaintiff's copyright by copying original portions of plaintiff's copyrighted work for use in Rainier's CPM (Exhibit 3), and the portions copied are highlighted. A copy of Rainier's CPM is attached as Exhibit 3, and the portions copied from plaintiff's Indenture IV are highlighted.

41. In addition, Rainier copied almost verbatim both protected and non-protected of UIRC's Indenture IV in its own Indenture of Trust that Rainier used to market and sell bonds to

raise funds that it used to acquire GSA leased properties. A copy of Rainier's Indenture of Trust, with the portions that copy plaintiff's protected expression highlighted, is attached as Exhibit 10.

42. Without plaintiff's permission and in violation of plaintiff's copyright, Rainier distributed and used its infringing CPM and Indenture of Trust to market bonds to raise funds to acquire properties leased to the GSA.

43. Plaintiff has been, and continues to be, damaged by Rainier's infringing acts, which have caused and will continue to cause irreparable damage to plaintiff in such a manner that plaintiff has no adequate remedy at law.

## COUNT V

### (Contributory and Vicarious Infringement against Rainier Investors)

44. This count arises under the Copyright Laws of the United States, 17 U.S.C. § 101 et seq. Plaintiff adopts and realleges the allegations of the preceding paragraphs as if fully set forth herein.

45. Rainier is managed by Rainier Investors, which hold 100% of the membership interest in Rainier.

46. Rainier Investors, by virtue of its 100% membership interest in Rainier, has the business purpose to engage in any activity connected with or incidental to that membership interest.

47. As Rainier's sole manager, Rainier Investors has the authority and on information and belief did act on Rainier's behalf or caused Rainier to act in connection with Rainier's GSA bond portfolio transaction.

48. As Rainier's manager, and consistent with its authority and business purpose, Rainier Investors engaged in conduct that encouraged or assisted Rainier's direct copyright infringement of the protected portions of UIRC's copyrighted PPM I, PPPM IV, FPPM IV and Indenture IV.

49. In addition, Rainier Investors had the right and ability to supervise Rainier's infringing activity and on information and believe has a direct financial interest in Rainier's infringing activity.

50. As a result of the foregoing, Rainier Investors is contributorily and vicariously liable for Rainier's direct infringement of UIRC's copyrighted works, as alleged above.

## COUNT VI

**(Contributory and Vicarious Infringement against Rainier GSAP)**

51. This count arises under the Copyright Laws of the United States, 17 U.S.C. § 101 et seq. Plaintiff adopts and realleges the allegations of the preceding paragraphs as if fully set forth herein.

52. Rainier Investors is managed by Rainier GSAP.

53. Rainier GSAP has the authority to take any action consistent with Rainier Investors' business purpose.

54. As Rainier Investors' sole manager, Rainier GSAP has the authority and on information and belief did act on Rainier Investors' behalf or caused Rainier Investors to act in connection with Rainier's GSA bond portfolio transaction.

55. As Rainier Investors' manager, and consistent with its authority and business purpose, Rainier GSAP engaged in conduct that encouraged or assisted Rainier's direct copyright infringement of the protected portions of UIRC's copyrighted PPM I, PPPM IV, FPPM IV and Indenture IV.

56. As a result of the foregoing, Rainier Investors is contributorily liable for Rainier's direct infringement of UIRC's copyrighted works, as alleged above.

## PRAYER FOR RELIEF COUNTS I-VI

Wherefore, Plaintiff prays that this court grant the following relief as to Counts I - VI:

a. That defendants and their officers, shareholders, managers, employees, agents and all persons acting for them, or on behalf of them, be preliminarily and permanently enjoined from infringing plaintiff's copyrights as provided by 17 U.S.C. § 502.

b. That plaintiff be awarded actual damages and defendants' profits in amounts to be determined at trial, including all gains and advantages derived by defendants from their infringement of plaintiff's copyrights as provided by 17 U.S.C. § 504.

c. That in the alternative, plaintiff be awarded statutory damages of $30,000 for each copyrighted work infringed as provided by 17 U.S.C. § 504.

d. That in the alternative, plaintiff be awarded statutory damages of $150,000 for each copyrighted work infringed for defendants' willful infringement as provided by 17 U.S.C. § 504.

e. That plaintiff be awarded its attorneys' fees and costs as provided by 17 U.S.C. § 505.

f. That the Court require defendants to destroy all infringing copies.

g. That plaintiff be awarded such other and further relief as the Court may deem proper and just.

## COUNT VII

**(Breach of Fiduciary Duty)**
**(Against Timothy Strange and Newmark Grubb Levy Strange Beffort)**

57. Plaintiff adopts and realleges the allegations of the preceding paragraphs as if fully set forth herein.

58. Timothy Strange is a real estate broker licensed in the states of Oklahoma and is affiliated with and on information and belief is the President of Newmark.

59. Strange acted as a real estate broker in connection with UIRC's acquisition of GSA leased property in connection with UIRC bond offerings in 2012 and 2013, and Strange and Newmark acted as a real estate brokers for UIRC GSA IV, LLC during 2014 in connection with its acquisition of GSA leased properties pooled in the UIRC GSA IV bond offering.

60. Strange and Newmark were paid a real estate brokerage commission on September 25, 2014, by escrow agent Chicago Title Insurance Company in Chicago, Illinois, on behalf of the seller, at the closing of the acquisition of properties included in the UIRC GSA IV bond offering, even though they acted as UIRC GSA IV's real estate broker in this transaction.

61. Under the Oklahoma statute that governs real estate broker conduct (§ 59-858-353), broker duties and responsibilities:

> A. A broker shall have the following duties and responsibilities to all parties in a transaction, which are mandatory and may not be abrogated or waived by a broker:
>
> 1. Treat all parties with honesty and exercise reasonable skill and care;
>
> 2. Unless specifically waived in writing by a party to the transaction:

a. receive all written offers and counteroffers,

b. reduce offers or counteroffers to a written form upon request of any party to a transaction, and

c. present timely all written offers and counteroffers;

3. Timely account for all money and property received by the broker;

4. Keep confidential information received from a party or prospective party confidential. The confidential information shall not be disclosed by a firm without the consent of the party disclosing the information unless consent to the disclosure is granted in writing by the party or prospective party disclosing the information, the disclosure is required by law, or the information is made public or becomes public as the result of actions from a source other than the firm. The following information shall be considered confidential and shall be the only information considered confidential in a transaction:

a. that a party or prospective party is willing to pay more or accept less than what is being offered,

b. that a party or prospective party is willing to agree to financing terms that are different from those offered,

c. the motivating factors of the party or prospective party purchasing, selling, leasing, optioning or exchanging the property, and

d. information specifically designated as confidential by a party unless such information is public;

62. The duty to maintain the confidentiality of confidential information received while acting as a real estate broker for a client continues after the conclusion of an engagement. Okla. Stat. §59-858-358.2.

63. In his capacity as real estate broker for UIRC GSA IV LLC, Strange learned and had a duty to hold in confidence material information concerning UIRC's business plans and strategies, including but not limited to its strategy for holding properties over relatively long periods of time prior to closing due to the bond offering requirements, its strategy for escrowing three months of rent post-closing to meet GSA regulations, its past successful acquisitions, how it priced properties and its negotiating strategies ("Motivating Factors").

64. Thereafter, Strange continued to act as UIRC's real estate broker by bringing to UIRC's attention other possible GSA leased acquisitions.

65. At the same time, in violation of his duty of confidentiality, Strange began communicating the above described Motivating Factors of UIRC to Rainier representatives.

66. On information and belief, Strange now holds an equity and officer position in various Rainier entities affiliated with Defendant Rainier GSA Portfolio I, LLC, including Rainier GSAP, the manager of Rainier Investors and the defendant in Count VI hereof.

67. On information and belief, Strange received this equity position as a result of his disclosure of UIRC's material "motivating factors" described above to Rainier representatives.

68. By virtue of the foregoing, Strange breached his continuing duty of confidentiality to UIRC, thereby causing UIRC damage.

69. Newmark is responsible for and liable to UIRC for Strange's breach of his statutory duty under principles of respondeat superior.

WHEREFORE, UIRC prays that this Court enter judgment in its favor and against Timothy Strange and Newmark Grubb Levy Strange Beffort as to Count VII, awarding it damages in an amount to be proved at trial, a constructive trust over Strange's equity interest in all Rainier entities, disgorgement of all fees Strange and Newmark earned as a result of the brokerage services they provided to UIRC in connection with the UIRC GSA Portfolio IV bond offering, its costs and such other and further relief as the Court deems just.

## **COUNT VIII**

**(Breach of Fiduciary Duty)**
**(Against Mark Phillips and Newmark Grubb Levy Strange Beffort)**

70. Plaintiff adopts and realleges the allegations of the preceding paragraphs as if fully set forth herein

71. Mark V. Phillips ("Phillips") is a real estate broker, on information and belief, licensed in the state of Arizona and is affiliated with and on information and belief is the Vice-President of Newmark.

72. Phillips and Newmark acted as real estate brokers for UIRC GSA IV, LLC during 2014 in connection with its acquisition of GSA leased properties pooled in the UIRC GSA IV bond offering.

73. Phillips and Newmark were paid a real estate brokerage commission on September 25, 2014, by escrow agent Chicago Title Insurance Company in Chicago, Illinois, on behalf of the seller, at the closing of the acquisition of properties included in the UIRC GSA IV bond offering, even though they acted as UIRC GSA IV's real estate brokers in this transaction.

74. Under Arizona law, real estate brokers owe a fiduciary duty to disclose material facts to their client, and if they can do so without violating a superior duty to another, a broker also must disclose facts it knows or has reason to know that the principal would wish to have or if the facts are material to the agent's duties to the principal.

75. In his capacity as real estate broker for UIRC GSA IV LLC, Phillips learned and had a fiduciary duty to hold in confidence material information concerning UIRC's business plans and strategies, including but not limited to its strategy for holding properties over relatively long periods of time prior to closing due to the bond offering requirements, its strategy for escrowing three months of rent post-closing to meet GSA regulations, its past successful acquisitions, how it priced properties and its negotiating strategies ("Motivating Factors").

76. Thereafter, Phillips continued to act as UIRC's real estate broker by bringing to UIRC's attention other possible GSA leased acquisitions.

77. At the same time, in violation of his fiduciary duty to UIRC, Phillips began communicating the above described Motivating Factors of UIRC to Rainier representatives, without disclosing his communications and affiliation with Rainier to UIRC

78. On information and belief, Phillips now holds an equity and/or officer position in one or more Rainier entities affiliated with Defendant Rainier GSA Portfolio I, LLC.

79. On information and belief, Phillips received this position as a result of his disclosure of UIRC's material "Motivating Factors" described above to Rainier representatives.

80. By virtue of the foregoing, Phillips breached his fiduciary duty to UIRC, thereby causing UIRC damage.

81. Newmark is responsible for and liable to UIRC for Phillips's breach of his fiduciary duty under principles of respondeat superior.

WHEREFORE, UIRC prays that this Court enter judgment in its favor and against Mark V. Phillips and Newmark Grubb Levy Strange Beffort as to Count VIII, awarding it damages in an amount to be proved at trial, a constructive trust over Phillip's equity interest in all Rainier entities, disgorgement of all fees Phillips and Newmark earned as a result of the brokerage services they provided to UIRC in connection with the UIRC GSA Portfolio IV bond offering, its costs and such other and further relief as the Court deems just.

## JURY DEMAND

The Plaintiff, UIRC, hereby requests a trial by jury.

Dated: April 7, 2016

/s/ Cary E. Donham

John F. Kennedy
Cary E. Donham
Joseph F. Schmidt
Michael D. Froelich
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2800
Chicago, Illinois 60601
Telephone: (312) 527-4000

Attorneys for Plaintiff,
UIRC-GSA HOLDINGS, LLC