**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

UIRC-GSA HOLDINGS, LLC, a Delaware limited liability company,

Plaintiff,

vs.

WILLIAM BLAIR & COMPANY, LLC, A Delaware limited liability company,

and

Michael Kalt, an Illinois citizen,

Defendants.

Civil Action No.: 1:15-cv-09518

JURY DEMAND

Judge: Honorable Amy J. St. Eve
Magistrate: Honorable Michael Mason

## FOURTH AMENDED COMPLAINT

Plaintiff, UIRC-GSA HOLDINGS, LLC ("UIRC"), by its undersigned attorneys, for its Third Amended Complaint against defendants, William Blair & Company LLC ("Blair") and Michael Kalt ("Kalt"), alleges as follows:

## STATUTORY BASIS AND NATURE OF ACTION

1. This is an action for copyright infringement under the Copyright Laws of the United States, 17 U.S.C. § 101 *et seq*, and for professional negligence under Illinois law.

## THE PARTIES

2. Plaintiff UIRC-GSA Holdings, LLC is a Delaware limited liability company located in Chicago, Illinois. Plaintiff is engaged in the business of acquiring and operating properties leased to the U.S. General Services Administration ("GSA") to be financed by the sale of bonds through its subsidiaries.

3. Defendant Blair is a Delaware limited liability company registered to do business in the State of Illinois and with an office in Chicago, Illinois.

4. Defendant Michael Kalt is an individual who, on information and belief, is a citizen of Illinois.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

6. Personal jurisdiction over defendants is vested in this Court because Blair has transacted business in this district with respect to the events giving rise to the claims asserted herein, including the following:

(a) Blair served as UIRC's investment banker and placement agent in connection with the bond offering of its subsidiary UIRC-GSA IV, LLC ("UIRC GSA IV"), the proceeds of which were used to acquire a portfolio of real estate properties leased to the Federal General Services Administration.

(b) In connection with its role as investment banker, Blair received access to, copied and used UIRC's copyrighted documents in this district, as described in this complaint.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims asserted herein occurred in this district.

**COUNT I**

**(Infringement of U.S. Copyright Reg. No. TX 8-069-779)**

8. This count arises under the Copyright Laws of the United States, 17 U.S.C. § 101 *et seq.* Plaintiff adopts and realleges the allegations of the preceding paragraphs as if fully set forth herein.

9. In order to successfully market a bond portfolio to provide the funds to acquire properties leased to the GSA, UIRC-GSA IV created, developed and used a series of documents. These documents included a Preliminary Private Placement Memorandum ("PPPM IV"). A copy of UIRC's PPPM IV is attached as Exhibit 1. UIRC's PPPM IV contains additional and revised text original with UIRC.

10. Although denoted "Preliminary", UIRC provided PPPM IV to Blair and Blair distributed PPM IV to potential investors to market the proposed bond offering. UIRC-GSA IV has complied in all respects with Title 17 § 101 *et seq*. and secured the exclusive rights and privileges in and to the copyright for the additional and revised text in PPPM IV.

11. On July 21, 2015, the U.S. Copyright Office issued to UIRC-GSA IV. U.S. Copyright Reg. No. TX 8-069-779 entitled Preliminary Private Placement Memorandum. The claim included additional and revised text, which is highlighted on Exhibit 1. A copy of Certificate of Reg. No. TX 8-069-779 is attached as Exhibit 2 (hereinafter the '779 Reg).

12. UIRC is the owner of all rights, title, and interest in and to the copyright for PPPM IV and the '779 Reg therefor by assignment from UIRC-GSA IV, LLC.

13. With access to UIRC's copyrighted work and full knowledge of UIRC's rights, Blair willfully infringed UIRC's copyright by copying original portions of UIRC's copyrighted work for use in a Confidential Placement Memorandum issued by Rainier GSA Portfolio I ("Rainier") on July 1, 2015 ("CPM"). A copy of Rainier's CPM is attached as Exhibit 3, and the portions copied from UIRC's PPPM IV are highlighted.

14. Without UIRC's permission and in violation of UIRC's copyright, Blair drafted Rainier's CPM for Rainier by copying and incorporating, without UIRC's permission, UIRC's copyrighted expression into the CPM, and distributing the CPM to Rainier for Rainier's use in connection with its July 1, 2015 bond offering as if the CPM was Blair's original work.

15. Blair itself also distributed the infringing CPM to potential investors in Rainier's bond offering.

16. UIRC has been, and continues to be, damaged by Blair's infringing acts, which have caused and will continue to cause irreparable damage to UIRC in such a manner that UIRC has no adequate remedy at law.

**COUNT II**

**(Infringement of U.S. Copyright Reg. No. TX 8-107-571)**

17. This count arises under the Copyright Laws of the United States, 17 U.S.C. § 101 *et seq*. UIRC adopts and realleges the allegations of the preceding paragraphs as if fully set forth herein.

18. In order to successfully market a bond portfolio to provide the funds to acquire properties leased to the GSA, UIRC IV created, developed and used a series of documents, including a Final Private Placement Memorandum ("FPPM IV"). A copy of UIRC's FPPM IV is attached as Exhibit 4. UIRC's FPPM IV contains additional and revised text original with UIRC.

19. UIRC provided FPPM IV to Blair in connection with the UIRC GSA IV bond offering, and Blair distributed FPPM IV to potential investors to market the UIRC IV bond offering.

20. On October 23, 2015, the U.S. Copyright Office issued to UIRC IV, U.S. Copyright Reg. No. TX 8-107-571 entitled Final Private Placement Memorandum. The claim included additional and revised text, which is highlighted on Exhibit 4. A copy of Certificate of Reg. No. TX 8-107-571 is attached as Exhibit 5 (hereinafter the '571 Reg).

21. UIRC is the owner of all rights, title, and interest in and to the copyright for FPPM IV and the 571 registration therefor by assignment from UIRC-GSA IV, LLC.

22. With access to UIRC's copyrighted work and full knowledge of UIRC's rights, Blair willfully infringed UIRC's copyright by copying original portions of UIRC's copyrighted work for use in Rainier's CPM (Exhibit 3), and the portions copied are highlighted. Without UIRC's permission and in violation of UIRC's copyright, Blair distributed the infringing CPM to Rainier for Rainier to use to market bonds to raise funds to acquire properties leased to the GSA as if the CPM were Blair's original work.

23. Blair itself also distributed the infringing CPM to potential investors in Rainier's bond offering.

24. UIRC has been, and continues to be, damaged by Blair's infringing acts, which have caused and will continue to cause irreparable damage to UIRC in such a manner that it has no adequate remedy at law.

**COUNT III**

**(Infringement of U.S. Copyright Reg. No. TX 8-107-552)**

25. This count arises under the Copyright Laws of the United States, 17 U.S.C. § 101 *et seq*. UIRC adopts and realleges the allegations of the preceding paragraphs as if fully set forth herein.

26. In order to successfully market a bond portfolio to provide the funds to acquire properties leased to the GSA, UIRC IV created, developed and used a series of documents, including an Indenture of Trust ("Indenture IV"). A copy of UIRC's Indenture IV is attached as Exhibit 6. UIRC's Indenture IV contains additional and revised text original with UIRC, which are highlighted in Exhibit 6.

27. UIRC provided Indenture IV to Blair in connection with the UIRC GSA IV bond offering and Blair distributed Indenture IV to potential investors to market that bond offering.

28. On October 23, 2015, the U.S. Copyright Office issued to UIRC IV. Copyright Reg. No. TX 8-107-552 entitled Indenture of Trust. The claim included additional and revised text, which is highlighted on Exhibit 8. A copy of Certificate of Reg. No. TX 8-107-552 is attached as Exhibit 7 (hereinafter the '552 Reg).

29. UIRC is the owner of all rights, title, and interest in and to the copyright for Indenture IV and the '552 registration therefor by assignment from UIRC IV.

30. With access to UIRC's copyrighted work and full knowledge of UIRC's rights, Blair willfully infringed UIRC's copyright by copying original portions of UIRC's copyrighted work for use in Rainier's CPM (Exhibit 3), and the portions copied are highlighted. A copy of

Rainier's CPM is attached as Exhibit 3, and the portions copied from UIRC's Indenture IV are highlighted.

31. In addition, Blair copied almost verbatim both protected and non-protected expression of UIRC's Indenture IV in the Indenture of Trust that Blair assisted in drafting for Rainier to market and sell bonds to raise funds that Rainier would use to acquire GSA leased properties. A copy of Rainier's Indenture of Trust, with the portions that copy UIRC's protected expression highlighted, is attached as Exhibit 8.

32. Without UIRC's permission and in violation of UIRC's copyright, Blair distributed and used the infringing CPM and Indenture of Trust to market bonds offered by Rainier to raise funds to acquire properties leased to the GSA.

33. UIRC has been, and continues to be, damaged by Blair's infringing acts, which have caused and will continue to cause irreparable damage to plaintiff in such a manner that plaintiff has no adequate remedy at law.

**COUNT IV**

**(Contributory Infringement against Michael Kalt)**

34. This count arises under the Copyright Laws of the United States, 17 U.S.C. § 101 *et seq*. Plaintiff adopts and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

35. Michael Kalt is a Managing Director at Blair and was also Blair's relationship manager both for UIRC in connection with the UIRC IV bond offering and for Rainier in the Rainier GSA I bond offering.

36. As a Managing Director and relationship manager for both the UIRC-IV and Rainier GSA I bond offerings, and consistent with his authority, Kalt engaged in conduct that encouraged or assisted Blair's direct copyright infringement of the protected portions of UIRC's copyrighted PPPM IV, FPPM IV and Indenture IV.

37. Specifically, Kalt directed or supervised Blair's use of UIRC's copyrighted PPM IV, FPPM IV and Indenture IV as a marketing tool with which to solicit clients and potential clients, including Rainer, to retain Blair as the investment banker on investment banking transactions.

38. Kalt actively encouraged the infringement of UIRC's copyrights by directing Blair employees and Blair's outside counsel at a large Chicago law firm to use UIRC's copyrighted PPPM IV, FPPM IV and Indenture IV as the "usual" or "standard" forms for similar transactions, such as the infringing Rainier GSA I bond offering documents.

39. Kalt personally directed and supervised the creation of the infringing materials by Blair's employees and outside attorneys, provided direct input on particular provisions to be included in the infringing materials, and was kept fully informed of the process of creating the infringing materials.

40. Kalt personally circulated the infringing documents to parties interested in the Rainer transaction.

41. As a result of the foregoing, Kalt is contributorily liable for Blair's direct infringement of UIRC's copyrighted works, as alleged above.

**COUNT V**

**(Vicarious Infringement against Michael Kalt)**

42. This count arises under the Copyright Laws of the United States, 17 U.S.C. § 101 *et seq*. Plaintiff adopts and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

43. Michael Kalt is a Managing Director at Blair and was also Blair's relationship manager both for UIRC in connection with the UIRC IV bond offering and for Rainier in the Rainier GSA I bond offering.

44. As a Managing Director and relationship manager for both the UIRC-IV and Rainier GSA I bond offerings, and consistent with his authority, Kalt had the authority to supervise the infringing activity and, on information and belief, also had a direct and substantial financial interest in the infringing activity

45. Specifically, Kalt directed and supervised creation of the infringing materials by Blair's employees and outside attorneys, dictated elements to be included in the infringing documents, and was kept informed of the process of creating the infringing materials.

46. Additionally, Kalt had control over the distribution and use of the infringing materials to Rainer.

47. Managing Directors at investment banks such as Blair are typically paid through a combination of salary and bonuses or similar performance compensation that is closely tied to their work and weighted heavily toward the latter. Frankel, Michael, *Mergers and Acquisitions Deal-Makers: Building a Winning Team*, John Wiley & Sons, New Jersey 2007, at p. 190.

48. On information and belief, Kalt received a bonus or similar performance compensation as a direct result of the work that Blair did on the Rainier transactions, work that was substantially facilitated by the infringement of UIRC's materials.

49. As a result of the foregoing, Kalt is vicariously liable for Blair's direct infringement of UIRC's copyrighted works, as alleged above.

**PRAYER FOR RELIEF (COUNTS I-V)**

WHEREFORE, Plaintiff prays that this court grant the following relief as to Counts I - IV:

(a) That defendants and their officers, shareholders, managers, employees, agents and all persons acting for them, or on behalf of them, be preliminarily and permanently enjoined from infringing UIRC's copyrights as provided by 17 U.S.C. § 502.

(b) That UIRC be awarded actual damages and defendants' profits in amounts to be determined at trial, including all gains and advantages derived by defendants from their infringement of plaintiff's copyrights as provided by 17 U.S.C. § 504.

(c) That in the alternative, UIRC be awarded statutory damages of $30,000 for each copyrighted work infringed as provided by 17 U.S.C. § 504.

(d) That in the alternative, UIRC be awarded statutory damages of $150,000 for each copyrighted work infringed for defendants' willful infringement as provided by 17 U.S.C. § 504.

(e) That UIRC be awarded its attorneys' fees and costs as provided by 17 U.S.C. § 505.

(f) That the Court require defendants to destroy all infringing copies.

(g) That UIRC be awarded such other and further relief as the Court may deem proper and just.

**COUNT VI**

**(Professional Negligence)**

50. UIRC repeats and realleges paragraphs 1-37.

51. As UIRC's investment banker and placement agent for the UIRC GSA IV bond offering, Blair and Kalt owed UIRC a duty of care to act in UIRC's best interest, to disclose all information material to its role as UIRC's investment banker and placement agent and to refrain from taking any action that would harm UIRC's interests.

52. Blair and Kalt breached their duty of care in one or more of the following ways:

(a) By using UIRC's copyrighted expression to benefit both itself and Rainier, a different Blair client and a UIRC competitor;

(b) By failing to disclose to UIRC that it was using UIRC's copyrighted expression to benefit itself and Rainier;

(c) By enriching itself at UIRC's expense by charging Rainier for Blair's use of UIRC's copyrighted expression;

(d) By undermining the value of UIRC's copyrighted expression by using it to benefit Rainier; and

(e) By ignoring UIRC's request that Blair not use UIRC's copyrighted expression to benefit any third parties; and

(f) By copying UIRC's protected expression in PPM IV, FPPM IV and Indenture IV and using UIRC's protected expression to create and distribute infringing documents for and on behalf of Rainier.

53. As a proximate and direct result of Blair's breach of its duty of care, UIRC has been damaged.

WHEREFORE, UIRC prays that this Court enter judgment in its favor and against Blair as to Count V, awarding it damages in an amount to be determined at trial in excess of $75,000 exclusive of interest and costs, punitive damages if Blair is proved to have acted willfully or with reckless disregard of UIRC's interests, its costs and such other and further relief as this Court deem just.

## JURY DEMAND

The Plaintiff, UIRC, hereby requests a trial by jury.

Dated: April 12, 2017

/s/ Sean B. Crotty

Sean B. Crotty
CROTTY & SCHLITZ LLC
120 N. LaSalle, Suite 2000
Chicago, Illinois 60602
Telephone: (312) 444-1000
scrotty@crottylaw.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

UIRC-GSA HOLDINGS, LLC, a Delaware limited liability company,

Plaintiff,

vs.

RAINIER GSA PORTFOLIO I, LLC, RAINIER GSA PORTFOLIO INVESTORS, LLC and RAINIER GSAP I MANAGER, LLC, Texas limited liability companies,

Defendants.

Civil Action No.: 1:15-cv-09518

JURY DEMAND

Judge: Honorable Amy J. St. Eve
Magistrate: Honorable Michael Mason

**FOURTH AMENDED COMPLAINT**

**EXHIBIT LIST**

| | |
|---|---|
| Exhibit 1 | Plaintiffs' PPPM IV |
| Exhibit 2 | Copyright Certificate of Registration No. TX 8-069-779 |
| Exhibit 3 | Rainier's Confidential Placement Memorandum |
| Exhibit 4 | Plaintiff's FPPM IV |
| Exhibit 5 | Copyright Certificate of Registration No. TX 8-107-571 |
| Exhibit 6 | Plaintiff's Indenture of Trust IV |
| Exhibit 7 | Copyright Certificate of Registration No. TX 8-107-552 |
| Exhibit 8 | Rainier's Indenture of Trust |

CERTIFICATE OF SERVICE

I, Sean B. Crotty, hereby certify that on April 12, 2017, I electronically filed this FOURTH AMENDED COMPLAINT with the clerk of the court using the ECF system which will send notification to all e-filing participants of record.

Dated: April 12, 2017

/s/ Sean B. Crotty

Sean B. Crotty