IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAINIER REALTY ACQUISITIONS GP, LLC, and RAINIER GSA PORTFOLIO I, LLC, | ) ) ) |
| Counter-Third-Party Plaintiffs, | ) ) |
| v. | ) Case No. 15 CV 9518 ) ) Judge Robert W. Gettleman |
| WILLIAM BLAIR & COMPANY, LLC, | ) ) |
| Counter-Third-Party Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

William Blair & Company, LLC ("Blair") provided investment banking services to two clients related to this case. The first client was a real estate company, UIRC-GSA Holdings, Inc. ("UIRC"). UIRC wanted to acquire properties leased to the United States General Services Administration. Because UIRC needed capital, it hired Blair in 2014 to sell bonds to private investors. To sell those bonds for UIRC, Blair prepared solicitation materials: documents describing legal rights, offering terms, and financial information. UIRC claims that those solicitation materials are protected by copyright.

Blair's second client was Rainier Realty Acquisitions GP, LLC ("Rainier"). Like UIRC, Rainier is a real estate company. In 2015, Rainier hired Blair for the same reason that UIRC hired Blair: to raise capital for acquiring properties leased to the General Services Administration. The solicitation materials that Blair prepared for Rainier were nearly identical to those that Blair had prepared for UIRC.

UIRC sued Rainier and Blair for copyright infringement. Rainier settled. Blair did not. The ongoing litigation between UIRC and Blair has been the subject of many of this court's orders. See UIRC-GSA Holdings Inc. v. William Blair & Co., L.L.C., No. 15-CV-9518, 2017 WL 1163864 (N.D. Ill. Mar. 29, 2017) (St. Eve, J.); 2017 WL 3593117 (Aug. 21, 2017) (St. Eve, J.); 264 F. Supp. 3d 897 (Aug. 28, 2017) (St. Eve, J.); 2018 WL 6573226 (Dec. 13, 2018) (Gettleman, J.).

This order is not about UIRC's suit against Blair. It is about Blair's suit against its second client—Rainier. After Rainier settled with UIRC, Blair sued Rainier for breaching their indemnification agreement. See 2017 WL 3700792 (Aug. 25, 2017) (St. Eve, J.) (dismissing Blair's claims against Rainier without prejudice); 289 F. Supp. 3d 852 (Jan. 11, 2018) (St. Eve, J.) (dismissing some of Blair's claims against Rainier). Rainier counterclaimed for fraudulent concealment, breach of contract, and unjust enrichment.

Blair moves to dismiss Rainier's counterclaims. For the following reasons, Blair's motion is granted in part: the court dismisses Rainier's counterclaims for fraudulent concealment and unjust enrichment. The court denies Blair's motion to dismiss Rainier's counterclaim for breach of contract. Rainier and Blair signed an engagement agreement in which Blair agreed to "assist and advise" Rainier in raising capital. Rainier alleges that Blair did so in bad faith, using the documents it had drafted for UIRC as a template despite knowing that UIRC claimed copyright protection in those same documents. Those allegations raise an inference that Blair breached its engagement agreement.

## 1    Fraudulent concealment

First, Blair moves to dismiss Rainier's counterclaim for fraudulent concealment. To avoid dismissal, a claim must be plausible. Rainier's fraudulent concealment claim is plausible if the

court, taking the allegations as true, can reasonably infer that Blair is liable. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Blair is liable for fraudulent concealment if it intentionally concealed a material fact that it had a duty to disclose. Wigod v. Wells Fargo Bank, N.A., 673 F.3d 547, 571 (7th Cir. 2012). Blair had a duty to disclose if it had a "fiduciary or confidential relationship" with Rainier. Connick v. Suzuki Motor Co., 174 Ill. 2d 482, 500 (Ill. 1996). Blair would also have had a duty to disclose if Rainier had placed "trust and confidence" in Blair such that Blair was in "position of influence and superiority." Id.

Blair had no duty to disclose UIRC's copyright claim. Rainier's fraudulent concealment claim is thus dismissed. Rainier does not argue that Blair was its fiduciary. Nor could Rainier do so: their engagement agreement expressly provides that "Blair is not and will not be construed as a fiduciary." Rainier argues instead that Blair's advice was confidential. That is clear, Rainier argues, based on the engagement agreement: "[A]ny advice rendered by Blair during the course of participating in negotiations and meetings with [Rainier] . . . are intended solely for the benefit and confidential use of [Rainier] and will not be . . . given to any other person for any purpose without Blair's prior written consent."

The engagement agreement's garden-variety confidentiality clause did not place Blair in a position of influence and superiority over Rainier. For that to be so, Blair must have been "clearly dominant, either because of superior knowledge of the matter derived from overmastering influence on the one side, or from weakness, dependence, or trust justifiably reposed on the other side." Wigod, 673 F.3d at 572 (quotation marks and alteration omitted), quoting Miller v. William Chevrolet/GEO, Inc., 326 Ill. App. 3d 642, 657 (Ill. App. 2001). Blair, "[i]n short," must have "exercise[d] overwhelming influence" over Rainier. Wigod, 673 F.3d

3

at 572 (quotation marks and citation omitted). The confidentiality clause did not allow Blair to exercise overwhelming influence over Rainier. It merely barred Blair and Rainier from disclosing Blair's advice without prior written consent.

The confidentiality clause was in an agreement entered into at arms-length between sophisticated parties: Blair, an investment bank, and Rainier, a real estate company. Their commercial relationship lacks "sufficient indicia of disparity in experience or knowledge" such that Blair clearly dominated Rainier. Miller, 326 Ill. App. 3d at 657. Blair thus had no duty to disclose UIRC's copyright claim. The court need not consider Blair's argument that Rainier failed to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).

**2      Breach of contract**

Next, Blair moves to dismiss Rainier's counterclaim for breach of contract. Rainier claims that Blair breached the duty of good faith "implicit in every contract" under Illinois law. Cohen v. American Security Insurance Co., 735 F.3d 601, 612 (7th Cir. 2013). But that duty, Blair argues, is merely "an aid in construing a contract"—it "does not create an independent cause of action." McArdle v. Peoria School District No. 150, 705 F.3d 751, 755 (7th Cir. 2013).

Blair is right that a party does not breach a contract merely because it acts in bad faith; contract law "does not proceed on the philosophy that I am my brother's keeper." Original Great American Chocolate Chip Cookie Co. v. River Valley Cookies, Ltd., 970 F.2d 273, 280 (7th Cir. 1992). Still, contract law forbids parties from invoking a contractual provision "dishonestly to achieve a purpose contrary to that for which the contract had been made." Id. This bar against bad faith is not an independent cause of action. It depends on the contract. The bar against bad faith applies when "one party to an agreement is given wide discretion, and the other party must hope the discretion is exercised fairly." Interim Health Care of Northern Illinois, Inc. v. Interim

Health Care, Inc., 225 F.3d 876, 884 (7th Cir. 2000), citing Dayan v. McDonald's Corp., 125 Ill.App.3d 972, 990 (Ill. App. 1984).

Rainier states a breach of contract claim based on bad faith. Under the engagement agreement, Blair agreed to: "assist and advise" Rainier in financing $38 million in lease revenue bonds; "assist in the preparation of any solicitation materials"; and "assist in structuring the underlying documentation." These provisions gave Blair wide discretion: there were countless ways in which Blair could have "assist[ed]" and "advise[d]" Rainier. As the "party vested with contractual discretion," Blair had to "exercise that discretion reasonably and with proper motive, and may not do so arbitrarily, capriciously, or in a manner inconsistent with the reasonable expectations of the parties." Dayan, 125 Ill. App. 3d at 991.

Rainier's allegations raise an inference that Blair drafted Rainier's bond solicitation documents in bad faith. Blair allegedly copied those documents verbatim from documents that Blair had drafted for UIRC. UIRC had claimed copyright protection in those documents—and Blair allegedly knew it. By using UIRC's documents as a template for Rainier's—and by doing so without disclosing UIRC's copyright claim—Blair allegedly subjected Rainier to liability for copyright infringement. To do so was an unreasonable exercise of Blair's discretion to "advise" and "assist" Rainier that could not have been consistent with Rainier's reasonable expectations.

**3      Unjust enrichment**

Finally, Blair moves to dismiss Rainier's counterclaim for unjust enrichment. Blair argues that "recovery for unjust enrichment is unavailable" because "the conduct at issue is the subject of an express contract between the plaintiff and defendant." Cohen, 735 F.3d at 615 (7th Cir. 2013). The court agrees. Blair's conduct was governed not only by the engagement agreement,

but also by a separate indemnification agreement. Rainier's unjust enrichment claim is thus dismissed.

Rainier argues that Federal Rule of Civil Procedure 8(d) allows pleading unjust enrichment as an alternative to breach of contract. True enough, "[b]ut the inconsistent-pleading option in this context is limited." Cohen, 735 F.3d at 615 (affirming the dismissal of an unjust enrichment claim based on breach of contract). Rainier may plead that: (1) there is an express contract, and Blair is liable for breaching it; and (2) if there is no express contract, then Blair is liable for unjustly enriching itself at Rainier's expense. Id. That is not what Rainier has pleaded. Like the plaintiff in Cohen, Rainier "acknowledges throughout that there is an express contract," id., but claims that if Blair did not breach, then Blair was unjustly enriched by the fees it collected from Rainier. Pleading unjust enrichment this way is "impermissible." Id.

## CONCLUSION

The court dismisses the fraudulent concealment and unjust enrichment counterclaims brought by Rainier Reality Acquisitions GP, LLC, and Rainier GSA Portfolio I, LLC, against William Blair & Company, LLC. Blair's motion to dismiss [Doc. 316] is otherwise denied. Blair must answer Rainier's counterclaim for breach of contract on or before March 18, 2020. This matter is set for a status hearing on March 25, 2020, at 9:10 a.m.

**ENTER:** **February 26, 2020**

_____
**Robert W. Gettleman**
**United States District Judge**