IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UIRC-GSA HOLDINGS, LLC, )<br>        Plaintiff, )<br>)<br>v. )<br>)<br>WILLIAM BLAIR & COMPANY, LLC, and )<br>MICHAEL KALT, )<br>        Defendants. )<br>_____ )<br>)<br>WILLIAM BLAIR & COMPANY, LLC, )<br>        Cross-Plaintiff, )<br>)<br>v. )<br>)<br>UIRC-GSA HOLDINGS, LLC and URBAN )<br>INVESTMENT RESEARCH CORP. )<br>        Cross-Defendants. )<br>_____ )<br>)<br>WILLIAM BLAIR & COMPANY, LLC )<br>        Third-Party Plaintiff, )<br>)<br>v. )<br>)<br>RAINIER REALTY ACQUISITIONS GP., LLC )<br>And RAINIER GSA PORTFOLIO I, LLC, )<br>        Third-Party Defendants. )<br>_____ )<br>)<br>RAINIER REALTY ACQUISITIONS GP., LLC )<br>and RAINIER GSA PORTFOLIO I, LLC, )<br>        Counter-Third-Party Plaintiffs, )<br>)<br>v. )<br>)<br>WILLIAM BLAIR & COMPANY, LLC, )<br>        Third Party Defendant. ) | Case No. 15 CV 9518<br><br>Judge Robert W. Gettleman |

**<u>ORDER</u>**

1

Plaintiff UIRC-GSA Holdings, Inc. ("UIRC-GSA") sued William Blair & Company ("Blair") and Michael Kalt ("Kalt") for alleged violations of the Copyright Act, 17 U.S.C. § 101. Blair brought four counterclaims against UIRC-GSA and Urban Investment Research Corp. (together, "UIRC"). Blair also brought a third-party complaint against Rainier Realty Acquisitions GP and Rainier GSA Portfolio I, LLC, that alleged contractual indemnity, among other claims. Rainier brought a counterclaim against Blair, alleging breach of good faith and fair dealing. On June 30, 2022, after lengthy litigation, this court issued a final judgment on the parties' summary judgment motions (Doc. 500) and closed the case. On August 24, 2022, the court clarified and amended its judgment (Doc. 507). On May 25, 2023, defendant Blair moved for attorneys' fees pursuant to 17 U.S.C. § 505 (Doc. 551) amounting to $1,531,611.75. For the reasons discussed below, the court grants defendant Blair's motion.

Plaintiff UIRC brought the instant lawsuit against defendants Blair and Kalt for alleged copyright infringement in violation of 17 U.S.C. § 101, as well as professional negligence. Blair was UIRC's investment banker and placement agent in connection with UIRC's bond offering. In the instant case, the relevant bond documents are three private placement memoranda and an indenture of trust. UIRC secured a copyright over the documents on July 21, 2015, and listed its own entities as authors in its copyright application. UIRC alleged that Blair willfully infringed its copyright over certain bond documents by copying portions of those bond documents to solicit other clients, including the third-party defendants. UIRC's claims survived two motions to dismiss, which Blair countered with the same or similar arguments that the court accepted on summary judgment.

Before defendants Blair and Kalt moved for summary judgment, however, Blair

2

subpoenaed UIRC's attorneys, who produced copies of documents that UIRC received from an earlier deal, which involved third parties including the Idaho Housing and Finance Association ("the Idaho deal documents"). According to defendants, UIRC used the Idaho deal documents to draft its copyrighted deal documents without obtaining permission from those third parties. UIRC countered that it used the Idaho deal documents only as templates, and that its executives rewrote the documents to make them original with additional and revised text.

The week before filing the instant suit, UIRC created a redline comparison between its indenture and the indenture in the Idaho deal documents. According to Blair, the redline comparison demonstrates that UIRC claimed copyrights in language that it copied from the Idaho deal documents, and it did not disclose the Idaho deal documents as sources of language in its copyrighted works, in either its copyright application or in discovery for the instant case. The court granted summary judgment in favor of defendants and determined that plaintiff's copyrighted paragraphs are "incredibly similar to those in the Idaho deal documents, such that they cannot be original."[1] UIRC-GSA Holdings, Inc. v. William Blair & Co., LLC., No. 15 CV 9518, 2021 WL 4459530, at *3 (N.D. Ill. Sept. 29, 2021). The court held that plaintiff's documents "lack the requisite originality for copyright protection, and otherwise consist of unprotectable material." Id. at *4.

Defendant Blair now moves for attorneys' fees, which the court grants. Pursuant to 17 U.S.C. § 505, courts have discretion to allow the prevailing party in a civil action for copyright infringement to recover full costs, including a reasonable amount for attorneys' fees. In the Seventh Circuit, there is a strong presumption in favor of awarding attorneys' fees to the prevailing party in a copyright infringement suit. See, e.g., Klinger v. Conan Doyle Estate, Ltd.,

---

[1] UIRC appealed the court's judgment of no copyright infringement, and that appeal remains pending before the Seventh Circuit, No. 23-1527.

761 F.3d 789, 791 (7th Cir. 2014). When deciding fee motions in copyright cases, courts consider the claims' frivolousness, the parties' motivations, the claims' objective unreasonableness (both factually and legally), and the need in particular circumstances to advance considerations of compensation and deterrence. Id. UIRC bears the burden to rebut the presumption of attorneys' fees in Blair's favor. See DeliverMed Holdings, LLC v. Schaltenbrand, 734 F.3d 616, 626 (7th Cir. 2013).

First, the court agrees with Blair that it is entitled to attorneys' fees because UIRC's claims against it were objectively unreasonable. As Blair argues, UIRC did not comply with its obligation to disclose the prior work from which its asserted copyrighted work was based, by failing to identify the Idaho deal documents in its copyright application. Failure to identify the Idaho deal documents is a notable omission, even if UIRC did not act with bad faith, because it impacts the originality of the work, or lack thereof.[2] See Budget Cinema, Inc. v. Watertower Assocs., 81 F.3d 729, 732 (7th Cir. 1996). Further, UIRC continued to omit the Idaho deal documents from early discovery in this case. While UIRC argues that certain witnesses discussed the Idaho deal documents during their deposition testimony, UIRC does not refute Blair's argument that it failed to identify the Idaho deal documents in its complaints, or when responding to interrogatories that broached the subject of originality.

The court finds that UIRC's counterargument that it never claimed copyrights for portions of the deal documents that contain "standard legal language" is unpersuasive and does not rebut the presumption of attorneys' fees in this case. As Blair emphasizes, UIRC did not differentiate between the "standard legal language" taken from the Idaho deal documents and the

---

[2] This is true even though this court did not determine at summary judgment whether UIRC's copyrighted bond documents were unauthorized derivatives because the Idaho deal documents were themselves not copyrighted. UIRC-GSA Holdings, Inc. v. William Blair & Co., LLC., No. 15 CV 9518, 2021 WL 4459530, at *4 (N.D. Ill. Sept. 29, 2021).

4

"additional and revised text" that it drafted from scratch. Likewise, UIRC's arguments that its claims for statutory damages and attorneys' fees were nonspeculative and available do not rebut the presumption in Blair's favor, although it is true, as UIRC states, that the deal documents at issue likely have a larger impact on generating business than the safety manual in <u>Eagle Services Corporation v. H2O Industrial Services, Inc.</u>, 532 F.3d 620, 623 (7th Cir. 1997).

Last, the court agrees with Blair that attorneys' fees in this case would advance considerations of compensation and deterrence, even if UIRC was properly motivated by a desire to protect its original expression by seeking copyrights over its deal documents. UIRC had an obligation to disclose that the Idaho deal documents were a source of language in its deal documents, even if its deal documents were ultimately uncopyrightable.

The court considered reducing Blair's fee request, but the parties did not provide any guidance for how the court would fashion a reduction. Rather, UIRC and Blair met and conferred pursuant to Local Rule 54.3 prior to filing the instant motion, which resulted in a substantial reduction in the requested fees. While Blair initially sought over $1.7 million in fees, the parties have stipulated that $1,531,611.75 is a reasonable and necessary amount of attorneys' fees, without providing a breakdown of which aspects of the litigation led the parties to accrue which fees. Accordingly, the court grants Blair's motion for attorneys' fees amounting to $1,531,611.75.

## CONCLUSION

For the reasons stated above, the court grants defendant Blair's motion for attorneys' fees pursuant to 17 U.S.C. § 505 (Doc. 551) amounting to $1,531,611.75.

ENTER:

_____
Robert W. Gettleman
United States District Judge

DATE: July 21, 2023